IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| **Timothy Allbert,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | **Jury Demanded** |
| **Vickers Concrete Reinforcing, Inc.,** ) | |
| ) | |
| **Defendant.** ) | |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Timothy Allbert (hereinafter, "Mr. Allbert"), by and through counsel, and for his Complaint against Defendant Vickers Concrete Reinforcing, Inc. (hereinafter, "Vickers Concrete") states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Mr. Allbert brings this action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. Allbert brings this action against Vickers Concrete for unpaid minimum wage and overtime compensation, and related penalties and damages.

3. Vickers Concrete's practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

4. For said violations, Mr. Allbert seeks declaratory relief; compensation for work hours for which he was unpaid, including overtime premiums for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and

1

attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Mr. Allbert is an adult resident of Manchester, Coffee County, Tennessee.

6. Mr. Allbert was an employee of Defendant for FLSA purposes during the relevant time period.

7. Upon information and belief, Defendant Vickers Concrete Reinforcing, Inc. is a Tennessee-based corporation, and may be reached for service through its registered agent, Curtis Neal Vickers, Sr., 1115 Murfreesboro Highway, Manchester, TN 37355-2950.

8. At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

10. Defendant is a legal entity and has sufficient minimum contacts with the State of Tennessee such that it is subject to service of process in Tennessee and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Mr. Allbert 's claims occurred in this District.

## FACTUAL BACKGROUND

12. Mr. Allbert was hired by Vickers Concrete on or about June 20, 2018.

13. Mr. Allbert's employment with Vickers Concrete ended on or about January 20, 2020,

when he was terminated.

14. Mr. Allbert served Vickers Concrete as an hourly laborer/driver, and as such he should have been and was classified by Vickers Concrete as a non-exempt employee under the FLSA.

15. Mr. Allbert was paid an hourly rate of $16.50.

16. Mr. Allbert often worked in excess of 40 hours per week.

17. Mr. Allbert was not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA.

18. Vickers Concrete had the power to hire and fire Mr. Allbert.

19. Vickers Concrete controlled the number of hours Mr. Allbert worked, as well as the rate and method of his payment.

20. Vickers Concrete failed and refused to pay Mr. Allbert for all hours worked.

21. Vickers Concrete failed and refused to pay Mr. Allbert overtime premiums for all hours worked over forty in any given workweek.

22. Among Mr. Allbert's many duties, he started his workday, every day, by picking up dayworkers and taking them to Vickers Concrete's various work sites.

23. Mr. Allbert's transportation duties took approximately four hours a day, six days a week.

24. While Vickers Concrete paid Mr. Allbert for his other duties, it failed to pay him for the time he spent travelling on its behalf.

25. Vickers Concrete knew or should have known Mr. Allbert had worked hours, including overtime hours, for which he was not paid.

26. Despite this knowledge, Vickers Concrete willfully failed to pay Mr. Allbert at least the federal minimum wage for every hour worked and overtime pay for every hour worked in a workweek.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Mr. Allbert realleges and incorporates all allegations above as if actually set forth herein.

28. At all relevant times, Vickers Concrete was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

29. At all relevant times, Vickers Concrete employed Mr. Allbert.

30. At all relevant times, Vickers Concrete had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

31. The FLSA requires each covered employer, such as Vickers Concrete, to compensate all non-exempt employees for all hours worked at an hourly rate of not less than minimum wage and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

32. Employers need not compensate employees for travel time to and from the actual place of performance of the principal activity or activities an employee is expected to perform. 29 U.S.C. § 254(a).

33. However, "[t}ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." 29 C.F.R. § 758.

35. Defendant failed and refused to pay Plaintiff for "off-the-clock" time spent performing transportation duties, picking up dayworkers and taking them to Vickers Concrete's various work sites.

34. Vickers Concrete thus willfully failed to pay Mr. Allbert at least the federal minimum

wage for every hour worked and overtime pay for every hour worked in a workweek throughout the time in which they were employed by Vickers Concrete.

35. As a result of Vickers Concrete's failure to compensate Mr. Allbert for all hours worked and its failure to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Vickers Concrete has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

36. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Allbert prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

                                            Respectfully submitted,

                                            s/Alan G. Crone_____
                                            Alan G. Crone, TN Bar No. 014285
                                            Philip Oliphant, TN Bar No. 025990
                                            (pro hac vice petition submitted)
                                            THE CRONE LAW FIRM, PLC
                                            88 Union Avenue, 14th Floor
                                            Memphis, TN 38103
                                            800.403.7868 (voice)
                                            901.737.7740 (voice)
                                            901.474.7926 (fax)
                                            acrone@cronelawfirmplc.com
                                            poliphant@cronelawfirmplc.com

                                            *Attorneys for Plaintiff*

## **DECLARATION AND VERIFICATION**

      I, **Timothy Allbert**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Timothy Allbert**

Date: _____4/14/2020_____

7

Case 4:20-cv-00015-DCLC-CHS   Document 1   Filed 04/16/20   Page 7 of 7   PageID #: 7